**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| Marsh USA, Inc., )<br>)<br>    *Plaintiff,* )<br>)<br>  v. )<br>)<br>Cobbs Allen Capital, LLC, )<br>)<br>    *Defendant.* )<br>) | **Case No. 1:19-cv-03266-RM** |

---

**COBBS ALLEN CAPITAL, LLC'S RESPONSE IN OPPOSITION TO MARSH'S MOTION TO STRIKE OR FOR LEAVE TO FILE SURREPLY**

---

Plaintiff Marsh USA, Inc. ("Marsh") has requested that the Court strike certain arguments and evidence that Cobbs Allen Capital, LLC ("CAC") presented in its Reply in support of its Motion to Stay, or alternatively, grant it leave to file a surreply. *See* Dkt. No. 32. Both requests lack merit. CAC did not raise any new arguments or issues in its Reply and instead only responded to assertions that Marsh made in opposition to the Motion to Stay. Marsh's motion thus is without basis and its attempt to dispose of arguments it does not like, or get the last word on CAC's Motion to Stay, must be rejected.

**BACKGROUND**

CAC moved to stay these proceedings pending completion of the arbitration between Marsh and Marsh's former employee, Michael Rice (the "Marsh-Rice Arbitration"). Dkt. No. 20. CAC explained in its Motion to Stay that the Court has discretionary authority to stay this lawsuit and that it should exercise that discretion here because the only allegations Marsh pleads

with any facts at all in the Complaint relate to matters Marsh agreed to arbitrate with Mr. Rice. *See* Dkt. No. 20 at 6–14.  CAC also demonstrated that allowing this case to go forward would create a substantial risk of inconsistent or confusing results given that Marsh seeks relief based on the same contractual provisions (*i.e.*, the restrictive covenants in Mr. Rice's Employment and Separation Agreements) that are at issue in the Marsh-Rice Arbitration.  Dkt. No. 20 at 7–10.

Marsh filed a Response in opposition to the Motion to Stay, the main thrust of which was that this case is about "much more than Rice."  *See* Dkt. No. 27 at 1.  Marsh insisted that it sued CAC based on the "wrongful actions of over 30 employees" and that its claims concerning those unidentified former Marsh employees predominate.  *See id.* at 6.  The Response refers repeatedly to the "30 former employees" whose unspecified malfeasance this lawsuit is supposedly meant to address.  *See id.* at 3–4, 6–8, 12–14.  But Marsh refused to name any of the former Marsh employees allegedly involved other than Mr. Rice (whose claims must be arbitrated) and Mr. Eichenholtz (who is accused of aiding and abetting Mr. Rice's alleged breach).

In its Reply, CAC explained that Marsh's opposition to the Motion to Stay was incorrect. CAC emphasized that Marsh's generalized allegations regarding the 30 unnamed former employees lacked substance and did not provide a basis for denying CAC's request for a stay. *See* Dkt. No. 31 at 2.  In furtherance of this point, CAC noted that certain former employees other than Mr. Rice are currently arbitrating claims with Marsh and those arbitrations also involve issues that overlap with the subject matter of this case.  Dkt. No. 31 at 2–3.  CAC's purpose in doing so was not, as Marsh claims, to suggest that this action must be stayed pending those arbitrations as well.  Rather, the purpose was to highlight the fact that Marsh faces *the exact same issues* with respect to at least five other employees with whom Marsh agreed to

arbitrate any issues related to their employment (and perhaps others), if indeed these are 5 of the 30 unidentified people Marsh is complaining about.[1] Thus, Marsh's decision to sue CAC, and its refusal to identify any of the 30 former employees now working for CAC who Marsh claims violated obligations owed to Marsh, was a strategic choice by Marsh to avoid undermining Marsh's own arguments—highlighting further why the stay requested by CAC is appropriate.

## ARGUMENT

### A.     No Portion of CAC's Reply Brief Should Be Stricken

CAC's Reply was entirely proper and there is no reason to strike any portion of it. Courts do not review arguments raised for the first time in a reply brief. *In re Gold Resource Corp. Secs. Litig.*, 957 F. Supp. 2d 1284, 1291 (D. Colo. 2013). However, that rule *does not apply* when "the issue argued in the reply brief is offered in response to an argument raised in the [non-movant's] brief." *Id.* (quoting *Beaudry v. Corr. Corp. of Am.*, 331 F.3d 1164, 1166 n.3 (10th Cir. 2003)). That is exactly what happened here.

---

[1] To support the basic fact that these five additional arbitrations had been initiated, CAC attached to its Reply the AAA Demand for Arbitration forms filed at the initiation of those arbitrations. Marsh has copies of the demands in full. Marsh claims in its Motion to Strike (Mtn. at 3) that there is no overlap between the issue raised in those arbitrations and the issues here (if indeed the employees overlap, which Marsh refuses to confirm or deny even now). But that assertion is baseless. If Marsh is claiming that these five former Marsh employees breached their non-solicitation and confidentiality obligations to Marsh (*see* Mtn. at 3 (Marsh characterizing its claims in this lawsuit as "claims that [unidentified employees] solicited each other in violation of their fiduciary duties/duties of loyalty or that they stole trade secrets")), those claims ***would have to be arbitrated***. As with Mr. Rice, Marsh agreed in the employees' contracts that it would arbitrate all claims arising out of or relating to the contracts containing the non-solicitation and confidentiality provisions, as well as all claims arising out of or relating to "the Executive's employment with the Company." Thus, any claim alleging breach of fiduciary duty or theft of trade secrets by these employees would fall within the arbitration clauses. Marsh refuses to say who the "30 former employees" it is complaining about actually are because doing so would multiply the problem exposed by the Motion to Stay.

Marsh claims that portions of CAC's Reply should be stricken because "[i]nstead of addressing Marsh's arguments about why the Rice arbitration is not grounds to stay this entire case, Cobbs Allen use[d] its Reply to raise an entirely new argument, based on newly submitted evidence." Dkt. No. 32 at 2. This is incorrect. CAC's argument was in direct rebuttal to the principal contention in Marsh's Response that there are claims against 30 other, unidentified people that somehow predominate this lawsuit.

Incredibly, Marsh *still* does not identify specific individuals who engaged in misconduct or what exactly these individuals supposedly did wrong. Even in its Response, Marsh makes no effort to demonstrate that its claims, other than those relating to Mr. Rice, are based on discernible acts by particular former employees. In other words, Marsh wants to maintain that this case is about individuals other than Mr. Rice, but it will not say who those individuals are, what they did, or why their conduct is actionable.

It is thus directly relevant to Marsh's opposition to the Motion to Stay to note that other former employees also have arbitrations pending with Marsh—arbitrations that make explicit claims relating to those employees' restrictive covenants, and arbitrations to which any contract or trade secret claims would be compulsory counterclaims—and that Marsh's refusal to identify specific employees in its briefing on the Motion to Stay must have been a deliberate strategic choice to avoid raising additional arbitrable issues that weigh further in favor of granting a stay. This is not a "new" issue or argument. Rather, it flows directly from one of the main issues in dispute on CAC's Motion to Stay—the extent to which this case presents claims or issues that Marsh must arbitrate with Mr. Rice.

4

The Motion to Strike is little more than an attempt by Marsh to have its cake and eat it too. Marsh seeks to avoid a stay of this case based on vague and conclusory allegations, while hiding from the Court anything that might highlight the deficiency of those allegations or suggest why it refuses to provide more detail. CAC's Reply does not contain "new" or otherwise inappropriate arguments and Marsh's Motion to Strike must be denied.

### B. Marsh Should Be Denied Leave to File a Surreply

For the same reasons that Marsh's Motion to Strike should be denied, the Court should also deny Marsh's request for leave to file a surreply. In this District, surreplies "are generally disfavored and will only be permitted in exceptional circumstances. *Cont'l W. Ins. Co. v. Colony Ins. Co.*, No. 13–cv–01425–WYD–MJW, 2014 WL 2536519, at *2 (D. Colo. June 5, 2014) (citing *Locke v. Grady Cty.,* 437 F. App'x 626, 633 (10th Cir. 2011)). They are appropriate only when a court relies on new arguments presented in a reply brief. *See Pippin v. Burlington Res. Oil & Gas Co.*, 440 F.3d 1186, 1192 (10th Cir. 2006); *Partminer Worldwide Inc. v. Siliconexpert Techs. Inc.*, No. 09–cv–00586–MSK–MJW, 2010 WL 4681424, at *1 (D. Colo. Nov. 10, 2010).

This is hardly the type of exceptional case that would justify yet another Marsh brief. As explained above, CAC did not present any new arguments in its Reply. CAC merely responded to Marsh's primary argument in opposition to a stay—that this lawsuit is about individuals other than Mr. Rice who Marsh refuses to identify, even in its Response. The fact that Marsh's continuing failure to identify specific individuals makes it impossible to determine whether this case involves other potentially arbitrable issues is a direct rebuttal to Marsh's Response. As such, it does not provide a basis for a motion to strike or for Marsh to file a surreply. *See, e.g.*, *Gates Corp. v. Dorman Prods., Inc.*, No. 09–cv–02058–CMA–KLM, 2009 WL 4675099, at *2

(D. Colo. Dec. 7, 2009) (simultaneously denying plaintiff's motion to strike and request for leave to file a surreply because arguments raised in defendants' reply brief were a "direct rebuttal" to plaintiff's response). The parties can easily address any of the remaining issues with the Court when they appear for argument, as set by the Court, on February 11, 2020.

## CONCLUSION

Marsh's motion to strike certain portions of CAC's Reply, or for leave to file a surreply, should be denied.

Dated: February 6, 2020

Respectfully submitted,

By: */s/ William M. Ojile, Jr.*
William M. Ojile, Jr.
Nicholas W. Dowd
ARMSTRONG TEASDALE LLP
4643 South Ulster Street, Suite 800
Denver, CO 80237
Telephone: (720) 200-0676
Facsimile:   (720) 200-0679
Email:  bojile@armstrongteasdale.com
            ndowd@armstrongteasdale.com

Michael B. Slade
Mark W. Premo-Hopkins
Howard Kaplan
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000
Email:  mslade@kirkland.com
            mark.premohopkins@kirkland.com
            howard.kaplan@kirkland.com

*Counsel for Defendant*
*Cobbs Allen Capital, LLC*

6

**CERTIFICATE OF SERVICE**

I hereby certify that on February 6, 2020, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*/s/ William M. Ojile, Jr.*
William M. Ojile, Jr.